UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
PIERRE KHOURY, CHARLES KHOURY, :
AND BRIAN J. WOOLF,            :
                               :
        Plaintiffs,            :
                               :
v.                             :
                               :  Civil No. 03:03CV1733(AWT)
FAIROUZ A/K/A NOUHAD HADDAD,   :
AND FAWZI MOUTRAN,             :
                               :
        Defendants.            :
-------------------------------x
```

**ORDER RE PLAINTIFF'S MOTION FOR STATUTORY INTEREST AND
MOTION FOR ATTORNEYS' FEES**

For the reasons set forth below, the plaintiffs' Motion for Statutory Interest (Doc. No. 137) is hereby DENIED, and the plaintiffs' Motion for Attorneys' Fees (Doc. No. 131) is also hereby DENIED.

**I.  Motion for Statutory Interest**

To the extent the plaintiffs include in their motion a request for post-judgment statutory interest, that request is being denied as moot because the judgment entered in this case included an award of post-judgment statutory interest pursuant to 28 U.S.C. § 1961.

To the extent the motion seeks an award of pre-judgment interest, it is being denied on the merits.  As a preliminary matter, the court notes that the plaintiffs neglected to take advantage of the procedure afforded them under Conn. Gen. Stat. § 52-192a and D.

Conn. L.C. Rule 68, "Offer of Judgment." The plaintiffs base their request solely on Conn. Gen. Stat § 37-3a. In <u>Travelers Property and Casualty Company v. Christie</u>, 99 Conn. App. 747, 765 (2007), the court explained that "prejudgment interest pursuant to § 37-3a . . . ordinarily does not apply to contract actions in which the plaintiff is not seeking the recovery of liquidated damages or the recovery of money advanced under a contract and wrongfully withheld after a breach of that contract." The court explained further that "the focus of the prejudgment interest award allowed by § 37-3a has been to provide interest, at the discretion of the court, when there is no dispute over the sum due and the liable party has, without justification, refused to pay." <u>Id.</u> Thus, the plaintiffs do not satisfy the requirements for an award of prejudgment interest pursuant to Conn. Gen. Stat. § 37-3a.

**II. Attorneys' Fees**

The Amended Complaint includes a claim for punitive damages. <u>See</u> Amended Complaint (Doc. No. 42), at 10. However, the plaintiffs stated in the Joint Pre-Trial Memorandum that the "plaintiffs are not pursuing a claim for punitive damages at this time." <u>See</u> Joint Pre-Trial Memorandum (Doc. No. 62), at 3. Whether there should be an award of punitive damages in this case was not a matter to be decided by the court, but rather a question for the jury, and the plaintiffs neglected to pursue this claim before the jury.[1] Because there was

---

[1] The court notes that even if the plaintiffs had thought to pursue a claim for punitive damages during the trial, their attempt to do so would have been unsuccessful because the complaint does

-2-

no contract here that provided for attorneys' fees for the prevailing party in the event of litigation arising out of a breach of a contract, the only possible means for the plaintiffs to have obtained an award of attorneys' fees in this case would have been to prevail on their claim for punitive damages. Because that claim was not submitted to the jury, the plaintiffs should not be awarded attorneys' fees in this case.

### III. CONCLUSION

The judgment in this case (Doc. No. 130) provides for statutory interests and attorneys' fees and costs. The Clerk shall revise the judgment to provide for an award of statutory interest pursuant to 28 U.S.C. § 1961 and omit any reference to an award of attorneys' fees.

It is so ordered.

Signed this 4th day of December, 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

---

not properly plead a claim for punitive damages. See Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 127-28 (1966).