```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
PIERRE KHOURY, CHARLES KHOURY, :
AND BRIAN J. WOOLF,            :
                               :
        Plaintiffs,            :
                               :
v.                             :
                               :   Civil No. 03:03CV1733(AWT)
                               :
FAIROUZ A/K/A NOUHAD HADDAD,   :
AND FAWZI MOUTRAN,             :
                               :
        Defendants.            :
-------------------------------x
```

### ORDER RE DEFENDANTS' POST-TRIAL MOTIONS

Each defendant has filed a motion for judgment notwithstanding the verdict, and for judgment as a matter of law, or in the alternative, a new trial, each of which consolidates a series of previously filed motions by that defendant.[1] For the reasons set forth below, the defendants' motions are being denied.

The defendants identify six bases for their motions, which are discussed below.

### I. "[R]easonable persons could not find that the evidence established the legal elements of an express oral contract."

The defendants' argument is being rejected because the evidence at trial supported a finding by a reasonable jury that an express oral contract existed between the parties. In particular, Pierre Khoury testified that he orally agreed with

---

[1] See Doc. Nos. 98, 99, 100, 101, 102, 105, 107, 108, 109 and 110.

Moutran to promote Fairouz's concert at the Mohegan Sun:

> I went to Lebanon to confirm to Fawzi Moutran. And he already knew I was coming because I already called several times on the phone. And at that meeting, if I am not – if I can recall it right, it was around afternoon. And the minute – this is the first time Fawzi Moutran he spend – he invite me for lunch. And the minute I walk in, he was so happy to come and hug me and say, Congratulations, you got Fairouz, and we are going for it and let's start to go for it.

Trial Tr. vol. 2, 51:23-52:6, Feb. 16, 2007.

## II. "Since the plaintiff did not plead, prove or actually proceed upon a theory of express oral contract, a judgment for breach of express oral contract cannot stand both (A) as a matter of substantive state law; and (B) due process.

The First Count of the Amended Complaint asserts a claim for "Breach of Contract by Defendants Fairouz and Fawzi Moutran." With respect to the formation of the contract, the First Count alleges that "[t]he conduct of the parties was such as to establish that the Defendants had a contract with the Plaintiffs that, if Defendant Fairouz were to perform at the Mohegan Sun Arena, the Plaintiffs would have the opportunity to promote the said concert and profit therefrom." Am. Compl. ¶ 28.

The defendants contend that the First Count alleges an implied-in-fact contract and not an express oral contract, and consequently the plaintiffs cannot be permitted to recover damages for breach of an express oral contract. The defendants also argue that the elements of an implied-in-fact contract are different from those of an express oral contract, and therefore it would violate due process for a jury to find the existence of

an express oral contract that was not pled in the Amended Complaint.

The defendants' arguments are being rejected because they were placed on notice well before trial that the plaintiffs were proceeding on a theory of express oral contract. On July 24, 2006, more than five months before the beginning of the trial, the parties filed their requests for jury instructions. In the requests for jury instructions, the plaintiffs' version of the jury charge for breach of contract is titled, in bold type and capitalized letters, **"CONTRACT - EXPRESS OR IMPLIED."** The text of the requested instruction also clearly indicates the plaintiff's intent to offer evidence of an express oral contract: "Your first consideration is, was there any express contract between the Plaintiffs and the Defendants. You have heard evidence on that score as to discussions between Pierre Khoury and Fawzi Moutran." Requests for Jury Instructions, dated July 24, 2006 (Doc. No. 63) at 2. In addition, the Joint Trial Memorandum states that the "[p]laintiffs claim a contract with Defendants arrived at in Lebanon and to be performed in Connecticut." Joint Trial Mem. at 2.

Moreover, the defendants' awareness of the plaintiffs' intent to offer evidence of an express oral contract is suggested by their own statements in the Joint Trial Memorandum: "[Mr. Moutran] had lunch in Beirut with Pierre Khoury who pitched

promotional schemes for Fairouz. Mr. Moutran politely listened to Mr. Khoury but did nothing at all to suggest actual contractual commitment of any kind." Joint Trial Mem. at 4.

Accordingly, the court concludes that the defendants were provided with adequate notice of the plaintiffs' intent to prove an express oral contract.

### III. "The lack of instructional guidance to the jury concerning the legal elements of proof involved in proving an express oral contract was error requiring that the verdict and judgment be set aside."

The defendants' argument that the instruction to the jury as to what a plaintiff must prove in order to recover on a claim for breach of an express oral contract is unpersuasive, inter alia, because the defendants do not identify any particular error in the charge given to the jury. Instead, the defendants quote from the plaintiff's requested jury charge, which they contend was "in essence the charge the court gave," and argue that the instruction was an empty generality that was deficient because it did not provide guidance on the legal elements of an express oral contract. Fairouz Mem. Supp. Mot. J. as a Matter of Law (Doc. No. 140) at 14.

The instruction given to the jury regarding an express oral contract differed significantly from that requested by the plaintiffs and did not include the language quoted by the defendants and characterized as an "empty generality." The court has reviewed the instructions actually given to the jury and is

satisfied that the jury was properly instructed as to the elements necessary to find the existence of an express oral contract.

**IV.** **"No reasonable person could find based on the evidence that there was evidence of apparent authority that Mr. Moutran had authority from Fairouz to bind her to a 'Contract Created by Conduct'."**

**"The verdict and judgment against Mr. Moutran based on the jury charge that they might find Mr. Moutran liable for breach of contract based on misrepresentation was error in that the pleadings did not frame an issue of a case of action for misrepresentation . . . ."**

The defendants' argument, with respect to the liability of Fairouz, that the evidence did not support a finding that Moutran had apparent authority to bind Fairouz to a contract is unavailing because the defendants stipulated to the fact that "Fawzi Moutran is and has been attorney and agent for Fairouz." Joint Trial Mem. at 4.

The defendants argue, with respect to the liability of Moutran, that he could not be found liable for breach of contract based on misrepresentation because misrepresentation is a tort that was not pled or proved. The court instructed the jury regarding an agent's liability as follows: "However, if the agent misrepresents the circumstances affecting the probability of performance, the failure of the principal to perform may subject the agent to liability for the damages caused." Jury Charge at 19.

The jury instruction was based on comment b. to the Restatement (Second) of Agency § 328, which states in pertinent part:

> In many cases the agent is a party to the contract made by him on behalf of a disclosed principal and, as such, is responsible for its performance. Also, if he misrepresents the financial condition of the principal or circumstances affecting the probability of performance, the failure of the principal to perform may subject him to liability for damages so caused.

Restatement (Second) of Agency § 328 cmt. b. (1958).

The defendants argue that the liability referred to in § 328 refers to tort liability and not to contractual liability. The defendants argument is unpersuasive when § 328 is read in context. Section 328 is the first section in Title B, which is captioned "Liability of an Authorized Agent for Performance of Contract." Moreover, the first sentence of comment b. explicitly refers to the liability of the agent for the performance of the contract. In context, the reference to liability can be reasonably construed only as a reference to contractual liability, not as a reference to tort liability.

**V. "Failure to give defendants' proposed requested to charge regarding: proving state of mind through circumstantial evidence was prejudicial error."**

The defendants do not provide any reason why the failure to give the jury the defendants' requested instruction regarding state of mind was erroneous. The defendants argue only that there was circumstantial evidence that Khoury's state of mind was

-6-

not as he claimed. The charge requested by the defendants marshaled the evidence, and for that reason it was not given.

**VI. Based on the weight of the evidence, the court should order a new trial.**

In light of the discussion above, the defendants argument that the weight of the evidence necessitates a new trial is unpersuasive.

*   *   *   *   *

For the reasons set forth above, Defendant Haddad's (Fairouz's) Motion for Judgment Notwithstanding the Verdict, Judgment as a Matter of Law, or Alternatively a New Trial Re: Judgement Entered March 2, 2007 (Doc. No. 139), and Defendant Moutran's Motion for Judgement Notwithstanding the Verdict, Judgement as a Matter of Law, or Alternatively a New Trial Re: Judgement Entered March 2, 2007 (Doc. No. 141) are hereby DENIED.

It is so ordered.

Dated this 4th day of December 2007, at Hartford, Connecticut.

_____/s/AWT_____<br>
Alvin W. Thompson<br>
United States District Judge